### Everett Smith, Appellee, v. County of Logan, Appellant.

STATE'S ATTORNEY—*what is salary of in counties of not less than 30,000 and not more than 51,000 inhabitants.* The salary of State's Attorneys under that part of section 1 of the Act in force July 1, 1912, fixing and providing for the payment of the salaries of State's Attorneys (J. & A. ¶ 5674), relating to counties of not less than 30,000 and not more than 51,000 inhabitants, is $3,500, inclusive of the amount payable out of the State treasury under the law.

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1917. Affirmed with final judgment in this court. Opinion filed October 11, 1917.

COVEY & WOODS, for appellant.

McCORMICK & MURPHY and BEACH & TRAPP, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The population of the county of Logan, as shown by the last federal census taken in 1910, was 30,216. Appellee was elected State's Attorney in said county in 1912 and qualified and acted as such until December, 1916. In 1912 the Legislature passed an act fixing and providing for the payment of the salaries of State's Attorneys, which became enforced July 1st of that year. This act was amended in 1913, but for the purpose of this case the amendment is immaterial.

Section 1 of this Act (J. & A. ¶ 5674) provides as follows: "That there shall be allowed to the several State's attorneys in this State, hereafter elected, for services to be rendered by them, the following annual salary, to-wit: To each State's attorney in counties not exceeding 30,000 inhabitants, the sum of $100.00 per each 1,000 inhabitants and major fraction thereof, the said salary to be in addition to that now provided by law to be paid by the State: *Provided, however,* that the maximum sum to be paid any State's attorney in any such counties shall not exceed the sum of $2,500.00 per annum.

"To each State's attorney in counties containing not less than 30,000 inhabitants and not more than 51,000 inhabitants, the sum of $3,500.00 per annum; to each State's attorney in counties containing not less than 51,000 inhabitants and not more than 100,000 inhabitants, the sum of $5,000.00 per annum in the aggregate, which sum shall include the salary which is to be paid out of the State treasury as now provided by law; to each State's attorney in counties containing not less than 100,000 inhabitants and not more than 250,000 inhabitants, the sum of $6,000.00 per annum; to each State's attorney in counties of more than 250,000 inhabitants, the sum of $10,000.00 per annum. The population of all counties for the purpose of fixing salaries as herein provided shall be based upon the last federal census immediately previous to the election of State's attorney in each county."

Section 3 (J. & A. ¶ 5676) in part provides as follows: "The salaries of the State's attorneys, excepting that part which is to be paid out of the State treasury as now provided by law, shall be paid out of the county treasury of the county in which the State's attorney shall reside, in quarterly annual installments on the order of the county board on the treasurer of said county." Section 5 (J. & A. ¶ 5678) provides for the repeal of all laws or part of laws in conflict therewith.

Logan county comes within that class of counties containing not less than 30,000 inhabitants nor more than 51,000 inhabitants. On December 10, 1912, the Board of Supervisors of Logan County passed a resolution directing the county clerk to issue orders to the State's Attorney for his "salary as fixed by the Legislature." Until September 5, 1915, appellee received orders for his salary from the county clerk in the sum of $875 quarterly, which is equal to the sum of $3,500 a year, and in addition thereto he received out of the State treasury the sum of $100 quarterly, thus drawing a salary of $3,900 per annum.

The board of supervisors at its June meeting in 1915, passed a resolution, reciting that appellee had been drawing out of the county treasury the sum of $875 quarterly, whereas he was only entitled by law to the sum of $775 quarterly, and directing that thereafter he should only be paid out of the county treasury the sum of $775 quarterly; and also directing that in case appellee refused to refund the excess amounts theretofore paid to him, such excess should be retained out of the salary to become due to him until the county treasury had been reimbursed for such excess payments. Appellee refused to refund any part of the salary he had received out of the county treasury and refused to accept any orders thereon for any less sum than $875 quarterly, and drew no salary from that time on.

In January, 1917, appellee sued the county in as-

sumpsit to recover the sum of $5,250, being six quarterly payments of $875 each, and also for interest thereon.  The declaration consists of the common counts and a special count to which appellant filed a plea of the general issue.  By agreement the cause was heard before the court without a jury.  The court rendered judgment against appellant for $5,250, but refused to include any interest on the deferred payments.  On the action of the court in refusing to allow interest, appellee has filed a cross error.

It is the contention of appellant that appellee, as State's Attorney, was entitled to a salary in the gross sum of $3,500 per annum, which should include the $400 paid by the State, thus making the amount the county should pay, $3,100.  Appellee contends that under the proper construction of the statute he was entitled to receive $3,500 per annum from the county in addition to the $400 he received from the State.

It is apparent from the language used in the sections quoted that that part of the Salary Act of 1872 (J. & A. ¶ 5599), which provides for the payment of the State treasury to State's Attorneys of the sum of $400 per annum, was not intended to be repealed by the Act of 1912 (J. & A. ¶ 5674 *et seq.*), and that all State's Attorneys in any event shall still receive this amount from the State treasury.

The sole question is whether the $3,500, the amount fixed as the salary of the State's Attorney in the class of counties to which appellant belongs, is inclusive or exclusive of the $400 paid out of the State treasury. In the first class of counties mentioned in section 1 (J. & A. ¶ 5674), the amount paid out of the State treasury was exclusive until the combined amount paid by the county and State equaled the sum of $2,500, when it became inclusive.  In the class of counties having the next higher population than that to which appellant belongs, the $400 paid by the State is included in the aggregate salary.  In the succeeding classes of

counties, nothing is said as to whether the amounts of the salaries stated shall include or exclude the amount paid by the State. While the intention sought to be expressed in regard to the salaries of State's Attorneys in the classes mentioned in the second paragraph of section 1 (J. & A. ¶ 5674), is very inartificially set forth by the language employed and is not free from doubt, still we are of the opinion that the words used therein, "in the aggregate, which sum shall include the salary which is to be paid out of the State treasury as now provided by law," apply to each of the classes of counties enumerated in the second paragraph of said section, as this would include all the counties in the State with the exception of those mentioned in the class provided for by the first paragraph of the section. This reasoning is supported somewhat by the language of section 3 (J. & A. ¶ 5676), which provides that the salaries of all State's Attorneys shall be paid out of the county treasury except that part thereof which is to be paid out of the State treasury, thus implying that the amount of the salaries of all State's Attorneys shall include the amount paid by the State except those otherwise expressly provided for in the act, viz., those mentioned in the first paragraph of section 1, while they remain under a maximum of $2,500.

The evident intention of the Legislature was to attempt to fix the salaries of the State's Attorneys of the different counties approximately commensurate with the volume of work which the duties of their office would impose upon them. This would depend largely upon the population of the respective counties. In order to arrive at this result, as near as may be, the Legislature divided the counties of the State into five classes according to population and fixed the compensation of the State's Attorneys at a certain amount in each class. The first class mentioned in the act embraced all counties having not to exceed 30,000 population. Out of

the one hundred and two counties in the State, sixty-one fall within this class. There is, however, very great variation in the population of these sixty-one counties, the population of some being as low as 7,000, and the Legislature probably had this in mind when it fixed the compensation of State's Attorneys in this class in the manner in which it did. No fixed amount of salary is provided for in this class of counties, but the amount thereof is dependent upon the population of each county. But, as the provision therefor had to be general and apply to all the counties alike in the same class, and as under the provision that the State's Attorney should receive $100 for each 1,000 inhabitants would in some of the very small counties make the compensation of the State's Attorneys thereof unreasonably small, there was apparent reason that such salaries should be in addition to the $400 paid by the State.

No such reason would apply to the larger counties in the other classes, and likewise there could be no apparent reason why the salaries of the State's Attorneys in counties containing not less than 51,000 inhabitants and not more than 100,000 inhabitants should include the salary paid out of the State treasury, and the salaries of the State's Attorneys of the counties of the other classes mentioned in the second paragraph should exclude it. As to the first class of counties only is there any provision in the act that the salary shall be in addition to the amount paid by the State. The act fixes the salary for State's Attorneys, in the class to which the county of Logan belongs, at $3,500, and it must be held that this amount includes the $400 paid yearly by the State.

The suit was defended by appellant in good faith and there was no vexatious delay on its part, consequently the court did not err in refusing to allow interest, and the cross error is overruled.

The proofs show that there is actually due appellee

from appellant the sum of $3,650. Judgment will therefore be entered in this court in favor of appellee and against appellant for the sum of $3,650, and against appellee for costs.

*Affirmed with final judgment in this court.*